UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HECTOR FLAMENCO,

                            Petitioner,

-against-                                  **OPINION AND ORDER**
                                                                                      11-CV-0633 (SJF)

UNITED STATES of AMERICA,

                            Respondent.

----------------------------------------------------------------X
FEUERSTEIN, District Judge.

Before the Court is Hector Flamenco's ("petitioner") petition pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of trial and appellate counsel. Petitioner seeks to reinstate his direct appeal to the Second Circuit Court of Appeals or, in the alternative, reduce his sentence. The government moves to dismiss petitioner's application in its entirety.

Approximately thirteen (13) months after filing this case, petitioner submitted a supplemental petition alleging ineffective assistance of counsel on the ground his attorney did not file a § 5K3.1 letter.

For the following reasons, the government's motion to dismiss is **GRANTED** and petitioner's application is **DISMISSED** with prejudice. Petitioner's supplemental § 2255 petition is **DISMISSED** as untimely.

## I.    Petitioner's Indictment, Guilty Plea and Sentencing[1]

A superseding indictment dated October 26, 2007 charged petitioner with conspiracy to possess with intent to distribute cocaine. The superseding indictment alleged that commencing

---

1. The facts are taken from petitioner's criminal case, docket number 07-CR-327, and any references to docket entries in Section I. refer to that case.

on or about January 1, 2005 until March 29, 2007 within the Eastern District of New York and elsewhere, petitioner and others knowingly and intentionally conspired to possess with intent to distribute a controlled substance of 500 grams or more of a substance containing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). DE 16 pp. 1-2. The superseding indictment also alleged that on or about March 28, 2007, within the Eastern District of New York, petitioner, previously convicted in a court of a crime punishable by a term of imprisonment exceeding one (1) year, knowingly and intentionally possessed a Charter Arms .44 Caliber Revolver in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 3551 et seq., and charged petitioner as a felon in possession of a firearm.

On October 31, 2007, petitioner, represented by retained counsel, appeared before me and entered a plea of not guilty to the superseding indictment. DE 18. On June 3, 2008, petitioner entered a plea before Magistrate Judge Michael L. Orenstein pursuant to a plea agreement which waived his right to appeal if he received a sentence of 168 months or less. DE 27. On February 9, 2010, petitioner was sentenced on count one (1) to 120 months in custody, 4 years supervised release and a $100.00 special assessment. DE 40. Count two (2) was dismissed upon the government's motion. *Id.* Judgment was entered against petitioner on February 24, 2010 and petitioner appealed to the Second Circuit Court of Appeals on March 11, 2010. DE 41 and 43.

On January 24, 2011, petitioner moved for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(b)(4), which this Court denied on May 13, 2011. DE 45 and 48. On February 7, 2011, petitioner timely filed this action for a writ of habeas corpus. On May 25, 2011, the government moved to dismiss petitioner's § 2255 petition on the grounds it was barred by the plea agreement. On June 2, 2011, petitioner filed a notice of appeal

of the Order which denied his January 24, 2011 motion. DE 49. Two (2) weeks later, petitioner filed his reply to the government's motion to dismiss. Petitioner filed a supplemental petition in this case on March 21, 2012, to which the government did not respond.

By summary order and mandate filed November 27, 2012, the Second Circuit vacated and remanded petitioner's case for resentencing because of a conflict between the Court's oral sentence and the written final judgment. The mandate also directed the Court to state its reasons for petitioner's sentence. DE 51. On May 1, 2013, petitioner was resentenced on count one (1) of the superseding indictment to 121 months in custody and 4 years of supervised release. DE 62.

## II. Discussion

### A. Legal Standard for Ineffective Assistance of Counsel Claims

In pertinent part, the Sixth Amendment of the United States Constitution provides that the accused has the right to the assistance of counsel for his or her defense. "The right to counsel is the right to effective assistance of counsel." *Missouri v. Frye*, 132 S. Ct. 1399, 1404 (2012).

"[T]he proper standard for attorney performance is that of reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Thus, when a convicted defendant complains of the ineffectiveness of counsel's assistance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

The two part test for an ineffective counsel claim requires a defendant to demonstrate: (1) that counsel's performance was objectively deficient; and (2) the deficiency so prejudiced the defense that but for counsel's deficiency, the outcome of the case would have been different. *Id.* "To establish prejudice, a 'defendant must show that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different.' " *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010) (quoting *Strickland*, 466 U.S. at 694). In determining whether counsel's conduct prejudiced a defendant, a court must consider " 'the totality of the evidence before the judge or jury.' " *Id.* (quoting *Strickland*, 466 U.S. at 695). "In assessing performance, we must apply a 'heavy measure of deference to counsel's judgments.' " *Greiner*, 417 F.3d at 319 (quoting *Strickland*, 466 U.S. at 691).

Where a petitioner fails to demonstrate that his attorney's conduct was either objectively unreasonable or prejudicial, the court need not consider the alternate *Strickland* prong. *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005). *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

## B.     Petitioner's Application for a Writ Pursuant to 28 U.S.C. § 2255

Petitioner moves for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 to have his appeal reinstated on the ground he received ineffective assistance of counsel. In the alternative, petitioner requests his sentence be reduced to a custodial term of 48 or 60 months. DE 1.

Title 28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitions brought pursuant to § 2255 are generally subject to a one year statute of limitations which runs from "the date on which the judgment of conviction becomes final." *Id.* at §

-4-

2255(f)(1).

Where a defendant knowingly and voluntarily waives his right to appeal if his sentence falls at or below a stipulated range pursuant to the plain language of a plea agreement, a challenge to the sentence must be dismissed. *Pardi v. United States*, No. 95 Civ. 2553, 1996 WL 75780, at *1 (S.D.N.Y. Feb. 20, 1996). "Such provisions in plea agreements are enforceable." *Id.* See *Twine v. United States*, No. 12 Civ. 227, 2014 WL 119370, at *4 (E.D.N.Y. Jan. 10, 2014) ("Waivers of the right to appeal or to collaterally challenge a sentence are presumptively enforceable.") (citing *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011); *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000)).

As the government points out, petitioner stipulated in his plea agreement "not to file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. §2255 or any other provision the conviction or sentence in the event that the Court imposes a term of imprisonment of 168 months or below." DE 5-2 p. 3. In addition, during his guilty plea hearing, petitioner testified that he agreed he would not file an appeal if he was sentenced to 168 months or less. DE 5-3 12:11-15. He also testified that he reviewed the agreement with his attorney and had the opportunity to ask questions with regard to the content of the agreement. *Id.* at 11:10-16. At the original sentencing, petitioner was sentenced to 120 months, some 48 months below the plea agreement's term.[2]

In his reply to the government's motion to dismiss, petitioner argues, for the first time, that his appeal and post-conviction relief waiver was unknowing, involuntary and unintelligent.

---

2. Petitioner was sentenced to a custodial term of 121 month and 4 years supervised relief when he was resentenced on May 1, 2013.

DE 6 p. 2. There is, however, no evidence on this record that defendant received ineffective assistance of counsel or that he entered the plea agreement unknowingly or involuntarily. Petitioner pled guilty to a statute with a maximum term of imprisonment of forty (40) years. DE 5-3 13:20-23. He has a category two criminal history. His attorney negotiated a plea whereby the gun possession count was dismissed and the government agreed not to take a position on petitioner's sentence or move for an upward departure. Moreover, despite the appeal waiver, petitioner's direct appeal to the Second Circuit was granted and his case was remanded for resentencing. Thus, petitioner has not presented any evidence that counsel's conduct was objectively unreasonable.

Given the foregoing, the government's motion to dismiss is granted based on the waiver in petitioner's plea agreement. Accordingly, petitioner's application for a writ of habeas corpus to challenge his sentence in the underlying criminal case is dismissed.

### C. Petitioner's Supplemental Petition

On March 21, 2012, petitioner filed a supplemental § 2255 petition alleging ineffective assistance of counsel for his attorney's alleged failure to file a § 5K3.1 letter for the early disposition program. DE 9. Petitioner's supplemental petition is, however, time barred by the one (1) year statute of limitation for § 2255 applications, i.e., petitioner's time to file a petition ended February 24, 2011, one (1) year after judgment became final in his criminal case.

"Courts have ruled that [Federal Rule of Civil Procedure] 15(c)[3] is applicable to amendments to § 2255 petitions." *Lopez v. United States*, No. 98 Civ. 7969, 2000 WL 1229393, at *5 (S.D.N.Y. Aug. 29, 2000). In this case, however, petitioner's claim that his attorney's

---

3. Federal Rule of Civil Procedure 15(c) provides for the relation back of amendments to a pleading.

failure to file a § 5K3.1 letter to apply for the early-disposition program does not relate back to petitioner's original claims, i.e., that his attorney failed to file a direct appeal regarding his sentence. *See Lopez*, 2000 WL 1229393, at *5 ("Lopez' supplemental petition does not in fact supplement either of his original claims, it presents an independent claim that he failed to raise in his original petition.").

Even assuming petitioner's supplemental claim was timely, it would still be denied. United States Sentencing Guideline § 5K3.1 provides:

> Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.

Thus, contrary to petitioner's claim that his attorney was ineffective for "failing to argue for relief[] under § 5K3.1," relief under the statute is available only "upon motion of the Government." Petitioner's defense attorney cannot be liable for failing to move for relief under a statute available exclusively to the government. Accordingly, petitioner's supplemental claim is denied as untimely and meritless.

## III. Conclusion

For the foregoing reasons, the government's motion to dismiss is **GRANTED**. Petitioner's application for a writ pursuant to 28 U.S.C. § 2255 and his supplemental petition are **DISMISSED** with prejudice. The Clerk of the Court is respectfully directed to close this case. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and therefore, *in forma pauperis* status is denied for the purpose of any

appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: February 24, 2014
      Central Islip, New York

                                                                s/ Sandra J. Feuerstein

                                                                Sandra J. Feuerstein, U.S.D.J.